IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2023 Term

FILED

**September 29, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 22-0028

KANAWHA COUNTY BOARD OF EDUCATION,
a political subdivision, GEORGE AULENBACHER, Principal,
BRAD MARANO, Assistant Principal,
JOHN DOE and JANE DOE,

Defendants Below/Petitioners,

v.

S. D., a minor, by and through her parent
and next friend, J. D.,

Plaintiff Below/Respondent.

Appeal from the Circuit Court of Kanawha County
The Honorable Kenneth D. Ballard, Judge
Case No. 19-C-173

DISMISSED

Submitted: September 12, 2023
Filed: September 29, 2023

Jace H. Goins, Esq.
STEPTOE & JOHNSON PLLC
Charleston, West Virginia
Attorney for Petitioners

Alan L. Pritt, Esq.
Joseph H. Spano, Jr., Esq.
PRITT & SPANO, PLLC
Charleston, West Virginia
Attorneys for Respondent

JUSTICE WOOTON delivered the Opinion of the Court.

JUSTICE BUNN, deeming herself disqualified, did not participate in decision of this case.

JUDGE PERRI JO DECHRISTOPHER sitting by temporary assignment.

SYLLABUS BY THE COURT

1.     "Under W. Va. Code, 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court.  A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined."  Syl. Pt. 3, *James M. B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995).

2.     "A circuit court's denial of summary judgment that is predicated on qualified immunity is an interlocutory ruling which is subject to immediate appeal under the 'collateral order' doctrine."  Syl. Pt. 2, *Robinson v. Pack*, 223 W. Va. 828, 679 S.E.2d 660 (2009).

3.     "Under Rule 12 of the West Virginia Rules of Civil Procedure, a circuit court's denial of a motion to dismiss a complaint that is predicated on the statutory immunity conferred by the Governmental Tort Claims and Insurance Reform Act is an interlocutory ruling that is subject to immediate appeal under the 'collateral order' doctrine."  Syl. Pt. 5, *State ex rel. Grant Cnty. Comm'n v. Nelson*, 244 W. Va. 649, 856 S.E.2d 608 (2021).

4.     "Where neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case.  Parties cannot confer jurisdiction on this

Court directly or indirectly where it is otherwise lacking." Syl. Pt. 2, *James M. B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995).

5. "An order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable." Syl. Pt. 8, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

WOOTON, Justice:

Petitioners Kanawha County Board of Education ("BOE"), George Aulenbacher, Brad Marano, John Doe, and Jane Doe (hereinafter collectively "petitioners") appeal the Circuit Court of Kanawha County's June 21, 2019, and December 16, 2021, orders, the latter of which denied their motion for summary judgment. Respondent S. D.,[1] by and through her parent and next friend, J. D., brought this suit alleging that petitioners acted negligently in their handling of an incident where S. D. was inappropriately touched by a fellow student in the hallway of George Washington High School. Petitioners filed a motion to dismiss on a variety of grounds resulting in the dismissal of S. D.'s punitive damage claims against them. Subsequently, petitioners sought summary judgment on the basis that 1) respondent S. D. suffered no physical injury as a result of petitioners' alleged negligence; and 2) respondents breached no legal duty to S. D. The circuit court denied the motion for summary judgment, finding that damages for emotional distress arising from negligence actions can be recovered where the claim is not "spurious" and that there are genuine issues of material fact as to whether petitioners breached any duties owed to S. D.

This Court has considered the parties' briefs, oral arguments, and the appendix record. Upon consideration of the applicable law, the Court finds that the orders

_____

[1] Because this case involves minors and sensitive matters, we follow our longstanding practice of using initials to refer to the children and the pertinent parties. *See* W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

1

presented in this appeal are interlocutory, do not fall within the collateral order doctrine, and do not otherwise present an appealable ruling, as discussed more fully *infra*. Accordingly, we dismiss the instant appeal.

## I.  FACTS AND PROCEDURAL HISTORY

Because our resolution of this matter is procedural, we include only those facts necessary to understand the legal arguments presented.  In short, in 2018, S. D. was a sophomore at George Washington High School and a member of the cheerleading squad; M. P. was a freshman and member of the boys' basketball team.  S. D. alleges that on January 29, 2018, M. P. approached her in a crowded hallway of the school and touched her inappropriately on her "private area."[2]  Petitioners Aulenbacher and Marano claim that S. D. immediately reported the incident to them but indicated only that M. P. "smacked [her] on the butt" and insisted that he not be punished.  Nonetheless, M. P. was found to have committed a Level II disciplinary infraction of "indecent act on a student"[3] and was

---

[2] During discovery, however, S. D. claimed that M. P. groped her between the legs for ten seconds.

[3] An "indecent act" is defined as follows under the BOE's policy:

> Profane Language/Obscene Gesture/Indecent Act Toward an Employee or Student.  A student will not direct profane language, obscene gestures, or indecent acts towards a school employee or a fellow student.  This inappropriate behavior includes but is not limited to, verbal, written, electronic and/or illustrative communications intended to offend or humiliate.

given an out-of-school suspension for two days.  Upon M. P.'s return to school, S. D. alleges that she again passed him in the hallway, and he "flinched" in her direction, laughed, and walked away, ostensibly in an effort to harass or intimidate her.

S. D. filed the instant action alleging the negligence of all petitioners as well as the vicarious liability of the BOE; as against the individual petitioners, S. D. further alleged that they acted "recklessly."  S. D.'s complaint sought compensatory and punitive damages against all petitioners.  S. D.'s theory of the case appears to be that, while petitioners could not have prevented the initial unwelcome touching by M. P., they negligently categorized the incident as a lesser offense and levied an insufficient period of suspension, thereby permitting his imminent return to school and the second incident of "harassment."[4]   S. D. claims that petitioners' handling of M. P.'s discipline was motivated by M. P.'s status as a "star" basketball player who was scheduled to play in a basketball game shortly after he returned from his suspension.

---

[4] More specifically, S. D. claims the incident was improperly categorized as a Level II violation despite it definitionally qualifying as "sexual harassment," "sexual misconduct," or "sexual violence"—Level III violations carrying greater potential disciplinary measures.  First offense Level II violations are punishable by one to three days out-of-school suspension, whereas Level III violations are punishable by up to ten days out-of-school suspension.  In her brief to this Court, S. D. further contends that by categorizing the incident as a Level II rather than Level III offense, the individual petitioners avoided the necessity of making a report of sexual abuse to the West Virginia Department of Health and Human Resources.

3

At the outset of the litigation petitioners filed a motion to dismiss seeking dismissal of the case in its entirety as against the individual defendants and the punitive damages claim as against both the individual petitioners and the BOE, relying upon certain provisions of West Virginia Code §§ 29-12A-1 to 18 (the "Tort Claims Act"). Petitioners argued that the individual petitioners should be dismissed pursuant to West Virginia Code § 29-12A-13(b) (1986)[5] as the complaint failed to allege that they were acting outside the scope of their employment. As to the punitive damages claim, petitioners argued that West Virginia Code § 29-12A-7(a) (1986)[6] prohibits an award of punitive damages against both political subdivisions and their employees.

On June 21, 2019, the circuit court entered an order—prepared by petitioners' counsel—entitled "Order Granting Motion to Dismiss Punitive Damage Claims with Findings of Fact and Conclusions of Law." Specifically, the order found that 1) as to the BOE, West Virginia Code § 29-12A-7(a) prohibits a claim of punitive damages against a political subdivision; and 2) as to the individual petitioners, based on the allegations in the complaint, their actions were not "done with malicious purpose, in bad

---

[5] West Virginia Code § 29-12A-13(b) provides, in part: "In no instance may an employee of a political subdivision acting within the scope of his employment be named as defendant."

[6] West Virginia Code § 29-12A-7(a) provides: "In any civil action involving a political subdivision or any of its employees as a party defendant, an award of punitive or exemplary damages against such political subdivision is prohibited."

faith, or in a wanton or reckless manner *that would give rise to punitive damages*."[7] The order dismissed "[p]laintiff's punitive damages claim against all of the [d]efendants" but contains neither a discussion of nor a ruling as to any other arguments presented in petitioners' motion to dismiss. More importantly, the order reflects no adverse ruling as to petitioners.

After discovery, petitioners filed a motion for summary judgment asserting two arguments: 1) because S. D. admitted she suffered no "ascertainable physical injury," her claim for emotional distress must fail as it does not fall into any recognized category of negligent infliction of emotional distress; and 2) the evidence failed to demonstrate that petitioners negligently supervised the students and therefore petitioners "did not breach any duty owed to Plaintiff." Nowhere in the motion for summary judgment or supporting memorandum of law are any of the statutory immunity provisions of the Tort Claims Act referenced or identified as grounds for relief.

By order dated December 16, 2021, the circuit court denied the motion for summary judgment, finding that as to petitioner's negligence claim, our caselaw indicates that a claim for emotional distress without physical injury may be sustained insofar as the

---

[7] Although the order references West Virginia Code § 29-12A-5(b) (1986) which provides, in pertinent part, that employees of political subdivisions are *immune* in absence of malicious purpose, bad faith, or wanton or reckless conduct, the order concludes only that the absence of this type of conduct warrants dismissal of the punitive damages claim. *See* discussion, *infra*.

5

facts indicate the claim is not "spurious."[8]   As to whether petitioners breached a duty to S. D., the circuit court found that, notwithstanding the petitioners' inability to prevent the initial incident of unwanted touching, there were genuine issues of material fact as to whether petitioners were negligent in their administration of M. P.'s discipline, resulting in his return to school where he allegedly engaged in additional acts of "harassment."  Like the underlying motion, no immunity of any type was cited or discussed in the order.

In their Notice of Appeal, petitioners present both the 2019 and 2021 orders for our review and raise four assignments of error.  First, petitioners assert that the individual defendants are "entitled to dismissal" pursuant to West Virginia Code § 29-12A-5(b)(2)[9] because the June 21, 2019, order found that the individual defendants did not act

---

[8] *See* Syl. Pt. 11, *Marlin v. Bill Rich Const., Inc.*, 198 W. Va. 635, 482 S.E.2d 620 (1996) ("A claim for emotional distress without an accompanying physical injury can only be successfully maintained upon a showing by the plaintiffs in such an action of facts sufficient to guarantee that the claim is not spurious and upon a showing that the emotional distress is undoubtedly real and serious.").

[9] This statute provides:

> An employee of a political subdivision is immune from liability unless one of the following applies:
>
> (1)  His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;
> (2)  His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
> (3)  Liability is expressly imposed upon the employee by a provision of this code.

W. Va. Code § 29-12A-5(b)(2).

6

maliciously, in bad faith, or in a wanton or reckless manner.  Second, petitioners contend that the BOE is immune from liability pursuant to West Virginia Code § 29-12A-5(a)(4), which provides immunity to a political subdivision for claims resulting from "[a]doption or failure to adopt a law, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy[.]"  In their final assignments of error, petitioners contend they owed no legal duty to S. D. to discipline M. P. in any particular manner and that S. D.'s claim for emotional distress is prohibited in absence of any "ascertainable physical injury."

## II.  DISCUSSION

Because the orders presented for appeal are interlocutory, we must first determine whether we have jurisdiction to review the orders presented on appeal.  Unless an exception applies, our jurisdiction is limited to review of *final* judgments by virtue of West Virginia Code § 58-5-1 (1998), which provides, in part, that a party "may appeal to the Supreme Court of Appeals from a final judgment of any circuit court[.]"  We have held that "[a] case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined."  Syl. Pt. 3, in part, *James M. B. v. Carolyn M.,* 193 W. Va. 289, 456 S.E.2d 16 (1995).  However, this Court has recognized that the collateral order doctrine provides an exception to the rule of finality:  "There are exceptions to the rule of finality, however, including interlocutory orders which are made appealable by statute or by the West Virginia Rules of Civil Procedure, or . . . [which] fall within a jurisprudential exception

7

such as the collateral order doctrine." *Erie Ins. Co. v. Dolly*, 240 W. Va. 345, 354, 811 S.E.2d 875, 884 (2018) (citations omitted).

In that regard, the Court has expressly authorized the interlocutory appeal of a denial of a dispositive motion that is predicated on immunity. *See* Syl. Pt. 2, *Robinson v. Pack*, 223 W. Va. 828, 679 S.E.2d 660 (2009) ("A circuit court's denial of summary judgment that is predicated on qualified immunity is an interlocutory ruling which is subject to immediate appeal under the 'collateral order' doctrine."); Syl. Pt. 5, *State ex rel. Grant Cnty. Comm'n v. Nelson*, 244 W. Va. 649, 856 S.E.2d 608 (2021) ("Under Rule 12 of the West Virginia Rules of Civil Procedure, a circuit court's denial of a motion to dismiss a complaint that is predicated on the statutory immunity conferred by the Governmental Tort Claims and Insurance Reform Act is an interlocutory ruling that is subject to immediate appeal under the 'collateral order' doctrine."). The parties appear to assume, without addressing, that both orders on appeal qualify for immediate review under the collateral order doctrine.[10] However, it is well established that "[w]here neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case.

_____

[10] S. D. does not expressly challenge the Court's jurisdiction to hear this appeal aside from noting during oral argument that "some" of petitioners' assignments of error "go past immunity."

8

Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking." *James M. B.*, 193 W. Va. at 289, 456 S.E.2d at 16, syl. pt. 2.

We begin with the December 16, 2021, order denying petitioners' motion for summary judgment. As indicated above, petitioners moved for summary judgment exclusively on the basis that the evidence failed to establish that petitioners breached a legal duty to S. D., and that S. D.'s negligence claim for emotional distress in absence of physical injury must fail. Neither of these arguments is predicated on immunity, and nowhere in petitioners' motion or supporting memorandum of law did they argue that they were entitled to summary judgment on the basis of immunity.[11] Likewise, the December 16, 2021, order denying their motion for summary judgment neither addresses nor is "predicated on immunity" and therefore constitutes an ordinary denial of summary judgment that yields no finality and is not otherwise subject to immediate appeal.

"An order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable." Syl. Pt. 8, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963); *see also Praetorian Ins. Co. v. Chau*, 247 W. Va. 521, 530, 881 S.E.2d 432, 441 (2022) ("Typically, the denial of a motion for

---

[11] In fact, upon review of the appendix record, the Court is unable to discern any point in the underlying litigation at which West Virginia Code § 29-12A-5(a)(4)—the basis of one of petitioners' assignments of error—was ever raised or even referenced.

summary judgment is an interlocutory ruling not subject to appellate review."). More specifically, we have made clear that even "[i]n cases where interlocutory review of qualified immunity determinations occurs, *any summary judgment rulings on grounds other than immunity are reserved for review at the appropriate time* should the interlocutory appeal result in finding immunity inapplicable under the circumstances." *City of Saint Albans v. Botkins*, 228 W. Va. 393, 397 n.13, 719 S.E.2d 863, 867 n.13 (2011) (emphasis added); *see also Ayersman v. Wratchford*, 246 W. Va. 644, 654, 874 S.E.2d 756, 766 (2022). Therefore, the December 16, 2021, order denying petitioners' motion for summary judgment on grounds other than immunity does not qualify for immediate review under the collateral order doctrine.

The June 21, 2019, order presented for review suffers from, at a minimum, a more fundamental defect. [12] Unlike their motion for summary judgment, petitioners' motion to dismiss did at least contain, in part, an argument grounded in the immunity provided under the Tort Claims Act. Specifically, the motion to dismiss argued that the individual petitioners were "improperly named" defendants pursuant to West Virginia Code § 29-12A-13(b) which prohibits, generally, the naming of an employee of a political subdivision "acting within the scope of his employment[.]" However, during oral

---

[12] Despite being entered on June 21, 2019, petitioners waited approximately two and a half years to present this order for review and did not reassert any immunity arguments in their motion for summary judgment. However, because this order contains no adverse ruling for this Court to review, as discussed *infra*, we need not address the timeliness requirements for an interlocutory appeal of an order denying a dispositive motion on immunity grounds.

argument on the motion, petitioners' counsel characterized the motion as "essentially, a motion to dismiss the punitive damage claim" and orally sought only dismissal of that claim.[13] In fact, when the circuit court *sua sponte* inquired about the availability of any immunities, petitioners' counsel appeared to disavow seeking a ruling on immunity grounds at that time, stating that such immunity "could be raised depending on what happens with discovery."[14] The circuit court agreed that punitive damages were not

---

[13] At the close of his argument, petitioners' counsel stated, "So our position is that the punitive damage claims should be dismissed in their entirety. And nobody, either the Board nor their employees, should be liable for punitive's [sic] Your Honor." S. D.'s counsel later echoed, without objection, the narrowness of petitioners' motion, noting: "I want to state, first, this is only a 12(b)(6) motion to dismiss the punitive claims. It's nothing else."

[14] In this regard, the appendix record contains this revealing exchange:

| The Court: | And I was going to ask Mr. Goins, just parenthetically, when these kinds of cases come up, are there defenses in immunity raised or is this, these things don't have immunity issues in them? |
|---|---|
| Mr. Goins: | Well, qualified immunity is usually with respect to state agency like DHHR or – |
| The Court: | So the Board of Education doesn't have that? |
| Mr. Goins: | We have immunities under Governmental Tort and Insurance Reform Act. |
| The Court: | So it could be raised too? |
| Mr. Goins: | It could be raised depending on what happens with discovery. But— |
| The Court: | Okay. |
| Mr. Goins: | It's clear under that statute that one of the immunities is punitive damages. We're immuned [sic] from punitive damages. |

recoverable against any of the petitioners under the facts of this case and ruled that the punitive damages claims should be dismissed.

Unsurprisingly, the 2019 order from which petitioners purportedly seek "relief"—which was prepared by petitioners' counsel—is limited to dismissal of the punitive damages claim and is entirely favorable to petitioners. It reflects no denial of their motion to dismiss—even in part—much less an immunity-predicated denial of their motion. Petitioners appear to require the Court's assumption that by not expressly *granting* an overlooked immunity argument contained in their written motion to dismiss, the circuit court effectively *denied* it.[15] However, at best, the order merely reflects that the circuit court did not rule on any immunity issues, since "[i]t is a paramount principle of jurisprudence that a court speaks only through its orders." *Legg v. Felinton*, 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006).[16]

---

[15] In fact, petitioners' Notice of Appeal incorrectly represents that the circuit court "denied, in part, the Petitioners' Motion to Dismiss."

[16] We are careful to contrast the absence of such a ruling in this case from those cases in which a court refuses to rule on an immunity argument properly presented and interlocutory review of that refusal is timely sought. *See, e. g., Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378 (10th Cir. 1998). Here, the circuit court neither failed nor refused to rule on petitioners' immunity. Instead, the court invited petitioners to present an immunity argument at the pleading stage, but they declined to do so in favor of additional discovery, after which they sought summary judgment solely on arguments going to the merits of the case.

As further evidence of this defect, petitioners identify no "error" contained in the 2019 order, arguing only that a *finding* contained in that order entitles the individual petitioners to statutory immunity.  However, petitioners failed to subsequently seek a ruling on the implications of that finding, most notably failing to seek summary judgment on that basis.  In short, petitioners seek this Court's review of a ruling they never obtained, ostensibly contained in an order in which they identify no "error."

## IV.  CONCLUSION

For these reasons, we find that neither order presented by petitioners is properly before the Court.  The December 16, 2021, order does not qualify under the collateral order doctrine for interlocutory appeal, and therefore we lack jurisdiction to review it.  The June 21, 2019, order presents no adverse ruling or "error" predicated on immunity or otherwise upon which we may grant relief.  Accordingly, we conclude that the appeal must be dismissed.

Dismissed.

13